**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-1924**

_____

REMI CHIDE NJOKU,

Petitioner,

versus

TOM RIDGE, Secretary of Homeland Security;
CALVIN MCCORMICK, District Director of
Homeland Security; ALBERTO R. GONZALES,
Attorney General,

Respondents.

_____

**No. 05-1031**

_____

REMI CHIDE NJOKU,

Petitioner,

versus

TOM RIDGE, Secretary of Homeland Security;
CALVIN MCCORMICK, District Director of
Homeland Security; ALBERTO R. GONZALES,
Attorney General,

Respondents.

_____

On Petitions for Review of Orders of the Board of Immigration
Appeals. (A71-794-440)

_____

Submitted:  June 30, 2005          Decided:  August 4, 2005

---

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

---

Petitions denied by unpublished per curiam opinion.

---

Jaime  W.  Aparisi,  Silver  Spring,  Maryland,  for  Petitioner.
Peter  D.  Keisler,  Assistant  Attorney  General,  M.  Jocelyn  Lopez
Wright,  Assistant  Director,  James  A.  Hunolt,  Senior  Litigation
Counsel,  Office  of  Immigration  Litigation,  Civil  Division,  UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondents.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Remi Chide Njoku, a native and citizen of Nigeria, was found removable for willfully misrepresenting or concealing a material fact to obtain a change in immigration status. 8 U.S.C. § 1182(a)(6)(C)(i) (2000). The immigration judge concluded after a hearing that the Government had borne its burden of showing removability by clear and convincing evidence. 8 U.S.C. § 1229a(c)(3)(A) (2000). The immigration judge then scheduled a hearing on any applications for relief that Njoku might wish to pursue. When neither Njoku nor his counsel appeared on the scheduled hearing date, the immigration judge entered the final order of removal in absentia.

Njoku appealed to the Board of Immigration Appeals (Board) the immigration judge's order finding him removable. Njoku also filed a motion to reopen the in absentia final order of removal. The Board affirmed and adopted the immigration judge's order finding Njoku removable as charged, affirmed the in absentia order of removal, and denied the motion to reopen. Njoku petitions this court for review of that order in No. 04-1924. Having reviewed the administrative record and the decision of the Board, we conclude that substantial evidence supports the finding of removability. To obtain reversal of a determination of removability, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find

- 3 -

the requisite fear of persecution." <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 483-84 (1992). We conclude that the evidence here does not compel a contrary result. Accordingly, Njoku's challenge to the finding of removability entitles him to no relief.

In No. 04-1924, Njoku also challenges the Board's denial of his first motion to reopen. We have reviewed the record and the Board's order and find that the Board did not abuse its discretion in denying the motion to reopen. 8 C.F.R. § 1003.2(a) (2005); <u>INS v. Doherty</u>, 502 U.S. 314, 323-24 (1992). In No. 05-1031, Njoku seeks review of the Board's denial of his second motion to reopen the in absentia order of removal. Having reviewed the record and the Board's ruling, we find that the Board did not abuse its discretion in denying that motion.

Accordingly, we deny the petitions for review in these appeals. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITIONS DENIED</u>

- 4 -